**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STACY-LYNN JONES,

    Plaintiff - Appellant,

and

J.R.D., a minor,

    Plaintiff,

v.

DOUGLAS W. GOLDEN; PAMELA B. HAMMERS; JASON C. SERNER,

    Defendants - Appellees.

No. 25-5024
(D.C. No. 4:24-CV-00071-SEH-MTS)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Stacy-Lynn Jones appeals the district court's dismissal of her pro se lawsuit

against multiple Creek County Oklahoma judges. The district court found that

Ms. Jones's complaint raised only frivolous or unintelligible claims, and, in any

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

event, that the judicial defendants were entitled to judicial immunity. It therefore dismissed the suit without prejudice. We **AFFIRM** on both grounds.

Ms. Jones sued three Oklahoma state judges who were in some way part of custodial or domestic-relation proceedings pertaining to Ms. Jones and her minor son, J.R.D.[1] The complaint started with a form for reporting judicial misconduct. She filed multiple "supplements" to her complaint, which the district court assumed—without deciding—sufficed as amendments to her original filing. Her filings were jumbled, intermingling irrelevant facts and opinions on wide ranging topics, and court records from multiple ongoing cases. But she generally claimed that the judges had violated their oaths, treated her unfairly, violated due process, and violated canons of judicial ethics.

Because Ms. Jones represents herself in this case, we construe these arguments liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, the courts may not craft arguments on a pro se litigant's behalf. And "the broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts." *Id.*

The district court determined that Ms. Jones's allegations failed to meet the requirements of Fed. R. Civ. P. 8(a), that a complaint contain "(1) a short and plain

---

[1] Ms. Jones purported to represent both herself and her son in this proceeding, but the district court observed that pro se plaintiffs may not represent co-plaintiffs. While Ms. Jones challenges this determination on appeal, it was not essential to the court's decision—the defects in Ms. Jones's pleadings apply equally to any claims brought on behalf of J.R.D. We decline to address the matter.

statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  In layman's terms, Rule 8 requires a party to "make clear exactly who is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations."  *Robbins v. Oklahoma, ex rel., Dept. of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

Ms. Jones's complaint did not meet this standard.  It was too general and too intermingled with frivolous and unintelligible claims, to make out the nature of her claims with any fair notice to the defendants.  Although Ms. Jones argues on appeal that her complaint was not construed liberally, "a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted."  *Hall*, 935 F.2d at 1110.  She did not specify particular actions nor their actors, she only recited the conclusory allegations that her rights were injured.  Her allegations amount to little more than "an unadorned, the-defendants-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We find no error in the district court's determination.

Nor does Ms. Jones demonstrate any legal error in the court's ruling on judicial immunity.  "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities."  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  While that principle doesn't apply to

3

actions outside the judicial role, or in the complete absence of jurisdiction, Ms. Jones's failure to articulate specific acts by the defendants means we have no reason to believe her claims are based on extra-judicial conduct. *See Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). What seems to be the impetus of Ms. Jones's case is that one of the judges limited or severed her parental rights over J.R.D., and appointed either counsel or a guardian ad litem to represent him. That is an essentially judicial act, and the district court was correct to dismiss in the face of judicial immunity.

Because these holdings provide more than enough reason to affirm, we need not address the district court's abstention ruling. We affirm the dismissal of Ms. Jones's case without prejudice.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

4